UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>vs.<br><br>SUNWEST MANAGEMENT, INC., CANYON CREEK DEVELOPMENT, INC., CANYON CREEK FINANCIAL, LLC, AND JON M. HARDER,<br><br>        Defendants,<br><br>DARRYL E. FISHER, ET AL.,<br><br>        Relief Defendants. | Case No. 09-cv-6056-HO<br><br>**AMENDED ORDER (1) APPROVING SETTLEMENT AND (2) ENTERING FINAL CLAIM BAR ORDER AND INJUNCTION** |
| JOHN E. and MARY JANE SEMASKO, husband and wife and individually and as trustees of the Semasko Living Trust Dated 1-31-95; SEMASKO'S ENGLEWOOD HEIGHTS, LLC; SEMASKO'S CHESTNUT HILL, LLC; and SEMASKO'S CARNEGIE VILLAGE, LLC all Oregon limited liability companies, in their own behalf and in behalf of all similarly situated investors,<br><br>        Plaintiffs, | Case No. 10-cv-06335-HO |

Page 1 - **ORDER (1) APPROVING SETTLEMENT AND (2) ENTERING FINAL CLAIM BAR ORDER AND INJUNCTION**

|  |
|---|
| v. <br> THOMPSON & KNIGHT LLP, a Texas limited liability partnership; and GEFFEN MESHER & COMPANY, P.C., an Oregon professional corporation, <br> Defendants. |

THIS MATTER came before the Court on the Motion for approval of settlement with Geffen Mesher & Company, P.C. ("Geffen") filed by Esler, Stephens & Buckley LLP ("Esler"), attorneys for Plaintiffs and the putative class of Sunwest Investors, and Michael A. Grassmueck, the duly appointed receiver ("Receiver") in *SEC v. Sunwest Mgmt., Inc.*, Case No. 09-CV-6056-HO (the "SEC Action").

The Court previously entered its Order Preliminarily Approving Class Action Settlement in which the Court approved the form of notice for the Class Action Certification and Settlement Approval including notice of the hearing and opposition deadline. Pursuant to that Order and the notices thereunder, a hearing on the Settlement Approval Motion was held on September 20, 2011 before the Honorable Michael R. Hogan, United States District Court Judge for the District of Oregon, in the above-captioned actions. Appearances were noted on the record.

Having read and considered the Settlement Agreement between Geffen, on the one hand, and the Receiver and certain Investor Claimants[1], on the other hand (the "Settlement Agreement"), the Settlement Approval Motion, all papers filed in support of, and in opposition to, the Settlement Approval Motion, and all relevant pleadings; and having heard and considered the statements, argument, evidence and representations of counsel presented at the hearing, and having considered also all appropriate offers of proof and matters properly judicially noticed, the

---

[1] Unless otherwise noted, all capitalized terms shall have the same definitions as those set forth in the Settlement Agreement.

Page 2 - **ORDER (1) APPROVING SETTLEMENT AND (2) ENTERING FINAL CLAIM BAR ORDER AND INJUNCTION**

matter having been submitted for determination by the Court, and good cause appearing therefore, the Court finds as follows:

1. Pursuant to the orders entered by this Court on March 10, 2009, May 27, 2009, and August 28, 2009 ("Receivership Orders") in the SEC Action, Michael Grassmueck is the duly appointed and acting receiver for the Receivership Entities including Sunwest Management, Inc., Canyon Creek Development, Inc., Canyon Creek Financial, LLC, Fuse Advertising, Inc., KDA Construction, Inc., and numerous other entities as further set forth in the Receivership Orders. On October 2, 2009 the Court entered an order approving and establishing the Distribution Plan in the SEC Action. Pursuant to the Receivership Orders and the Distribution Plan, the Receiver was authorized to pursue claims of the Receivership Entities against third parties for the benefit of investors and creditors of the Receivership Entities. The Receiver also is the assignee or transferee of claims of individuals or entities who made investments related to one or more Sunwest Affiliates.

2. Plaintiff-Investors in the Class Action have asserted claims arising from alleged audit and related services that Geffen provided to the Receivership Entities. Geffen has denied, and continues to deny, all material allegations of the Complaint filed in the Class Action.

3. The Court has jurisdiction over the SEC Action pursuant to Sections 20(b), 20(d) and 22(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §§ 77t(b),77t(d) and 77v(a)] and Sections 21(d), 21(e) and 27 of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. §§ 78u(d), 78u(e) and 78aa]. The Court has jurisdiction over the Class Action pursuant to 28 U.S.C. § 1332.

4. The Receiver was authorized to, and did participate in a mediation with Geffen in his capacity as Receiver and as an assignee or transferee of Claims related to Sunwest Affiliates.

Plaintiffs' Class representatives participated in the mediation through Class Counsel. Following extensive document discovery and negotiations in good faith, the mediation resulted in an agreement on basic terms of a binding Settlement Agreement between the Receiver, certain represented Investor Claimants, and a putative class of Investor Claimants, on the one hand, and Geffen, on the other hand. The parties prepared a more detailed written Settlement Agreement containing the terms and conditions of settlements. The Settlement Agreement was attached to the Settlement Approval Motion.

5. The terms of the Settlement Agreement require the parties to seek Court approval of the settlement in the SEC Action. The Settlement Agreement also required the Receiver and representatives of the Investor Claimants in the Class Action to seek approval of the Settlement Agreement and certification of a settlement class for the purpose of obtaining a binding judgment that precludes Claims against Geffen by the members of the Settlement Class, including investors in Sunwest and the Receiver as assignee or transferee of the claims of Sunwest investors, arising from, or relating to, the audit and related services provided by Geffen and any other conduct of Geffen in connection with one or more Sunwest Affiliates The Settlement Agreement also calls for the Receiver and representatives of the Investor Claimants to seek a Final Claim Bar Order to protect Geffen from any and all Claims arising from or relating to the audit and related services they provided to, and any other conduct in connection with, one or more of the Sunwest Affiliates.

6. The Receiver, on behalf of the Sunwest Affiliates placed under his control and on behalf of Investor Claimants to the extent their Claims have been or will be assigned to him, and Geffen, for itself and with respect to all persons identified in the release, intend through the Settlement Agreement to fully and finally resolve any and all Claims, to dismiss the Class Action

Page 4 - **ORDER (1) APPROVING SETTLEMENT AND (2) ENTERING FINAL CLAIM BAR ORDER AND INJUNCTION**

with prejudice, and to enter into mutual releases. In consideration for the mutual releases and other consideration, Geffen will cause to be paid certain consideration to the Litigation Trust established under the terms of the Distribution Plan in the SEC Action, as stated in the Settlement Approval Motion. In partial consideration for its settlement payment, Geffen has required entry of a final claim bar order, as further described in Paragraph 9 of this Order. Geffen has confirmed that it would not enter into the Settlement without such provisions.

7. Entering into the Settlement Agreement is reasonable and within the Receiver's sound business discretion, and in the best interests of the Receivership estate, the creditors and investors, and all parties in interest. The Court finds that the Receiver has the right, power and authority to enter into and perform the Settlement Agreement, subject only to the approval of this Court.

8. Geffen continues to dispute the claims asserted against it by the Receiver and, without the Settlement, both the Receiver and Geffen would incur substantial additional time and expense pursuing the Litigation through trial and possible appeals. The outcome and the ability to collect on a judgment are uncertain and entail risk for both sides. The Settlement, however, provides a significant and certain recovery for the Litigation Trust under the Distribution Plan. In addition, continuing to litigate the claims would consume substantial judicial resources. The Settlement occurred after extensive informal discovery and is recommended by experienced counsel. Accordingly, the Court finds that the Settlement Agreement is fair, reasonable, adequate, and does not unduly prejudice the rights of any of the parties or the investors and creditors of the Receivership Entities. The paramount interest of the Receivership Entities' investors and creditors is served by the Settlement Agreement, which provides a substantial recovery for the Litigation Trust.

9. As evidenced by, among other things, the certificates of service submitted in connection herewith and the notices given to members of the Class, the Court finds that proper, timely, adequate, and sufficient notice of the Settlement Approval Motion, the hearing held thereon, and the proposed Final Claim Bar Order was given to all interested parties individually and/or by publication, that all such parties had a reasonable opportunity to object and be heard regarding the relief requested in the Settlement Approval Motion, and that the notice of the Settlement Approval Motion and the Final Claim Bar Order afforded due process to all interested persons and entities. The "Notice of Proposed Class Action Settlement" was adequate, under all the circumstances, to provide, and did in fact provide, notice to fully and fairly inform all interested parties of the opportunity to object to the Settlement Agreement and the Final Claim Bar Order.

10. The Court finds that Geffen, within ten days after the proposed settlement of this class action was filed in this Court, served notice of the proposed settlement upon the appropriate state official of each state in which a class member resides and the appropriate federal official as required under 28 U.S.C. § 1715(b) and that ninety days has passed after such service before issuance of this order.

**ACCORDINGLY, IT IS THEREFORE ORDERED THAT**

1. The Court finds, concludes and orders that the Settlement, the amount of the Settlement proceeds, and the terms of the Settlement Agreement are fair, adequate, reasonable, equitable and prudent as to all of the interested parties. Accordingly, the Settlement Approval Motion is hereby granted.

2. The Court finds that, for purposes of approving and effectuating the Settlement embodied in the Agreement, the prerequisites for certifying this Action as a consolidated class

action under Federal Rule of Civil Procedure 23(a) and (b)(3) have been met. The Court certifies this Action as a consolidated class action brought by the Class Representatives on behalf of members of the Settlement Class as defined as follows:

> All individuals and entities that made investments in the Sunwest Enterprise[2] on or after January 1, 2002. The securities were in the form of investor noncommercial notes, tenancy-in-common ("TIC") interests, membership interests, preferred membership interests, or limited partnership interests in one or more properties or entities managed by or affiliated with Sunwest Management, Inc.

3. Excluded from the Settlement Class are those persons who may otherwise have qualified for inclusion in the Settlement Class but have filed valid Requests for Exclusion ("Opt-Outs"). A list of persons who filed Requests for Exclusion is attached as Exhibit A. The Opt-Outs who filed valid Requests for Exclusion are not bound by the Settlement and may pursue their own individual remedies against Defendants to the extent that any such remedies are available.

4. The Class Representatives appointed in this Court's Preliminary Approval Order have fairly and adequately represented the Settlement Class throughout the proceedings and are hereby finally confirmed and appointed as Class Representatives.

5. Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court finds that Class Counsel have fairly and adequately represented the Settlement Class throughout the proceedings, and thus hereby appoints Esler Stephens and Buckley as Class Counsel to represent the Settlement Class.

---

[2] The "Sunwest Enterprise" included Sunwest Management, Inc., Canyon Creek Development, Inc., Canyon Creek Financial, LLC, and numerous other affiliated, single-purpose entities that were created by entities owned or controlled by Sunwest Management, Inc., Jon M. Harder, and/or Darryl E. Fisher for the purpose of owning and operating senior living facilities and other real estate developments.

6. The Court hereby finds that the Notice distributed to the Class provided the best notice practicable under the circumstances. The Notice provided due and adequate notice of these proceedings and the matters set forth herein to all persons and entities entitled to such notice, and the Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, Due Process, and any other applicable law. A full opportunity has been provided to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. Thus, it is hereby determined that all Settlement Class Members who did not timely elect to exclude themselves by written communication are bound by this Order and Judgment.

7. Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds that the Settlement proposed by the Parties is fair, just, reasonable, and adequate as to the Settlement Class Members. All objections to the Settlement are overruled. Plaintiffs and Geffen are directed to consummate the Agreement in accordance with the terms and provisions, the terms of this Court's Order providing for Preliminary Approval of the Class Action Settlement, and the terms of the Amended Distribution Plan.

8. The Court finds, concludes, and orders that the notice of the Settlement Approval Motion and the Final Claim Bar Order was adequate, was the best notice practicable, and afforded due process to all interested persons or entities.

9. Based on the foregoing, the Court enters the following Final Claim Bar Order and Injunction:

    a. The Receiver, all Investor Claimants, all members of the Settlement Class, all Sunwest Affiliates, all members or other persons who have an ownership interest in one or more Sunwest Affiliates, all investors and creditors of Sunwest Affiliates, all other professionals who provided services to Sunwest Affiliates, all plaintiffs named in the

Litigation[3], all defendants named in the Litigation, all potential defendants and/or third-party defendants who may be named in the Litigation, and all other interested parties, including without limitation broker-dealers who were involved in the sale of securities on behalf of the Sunwest Affiliates, lenders who were involved in financing related to one or more Sunwest Affiliates, and all other parties who received notice whether individually or by publication are permanently barred, enjoined and restrained from commencing, prosecuting, or asserting any and all claims in any court, arbitration forum, or other forum of this or any other jurisdiction, either directly or derivatively, against Geffen, its past or present shareholders, subsidiaries, affiliates, parents, officers, directors, agents, employees, attorneys, insurers, auditors, spouses and the respective legal representatives, heirs, predecessors and successors in interest of Geffen, or any of them, where the claim arises out of or in any way relates directly or indirectly to the audit and related services provided by Geffen to one or more Sunwest Affiliates, or any other conduct of Geffen in connection with one or more Sunwest Affiliates or in connection with any officer, director, manager or member of a Sunwest Affiliate.

    b.    The claims barred by this Paragraph 9 include any and all claims, causes of action, liabilities, suits, debts, liens, contracts, agreements, promises, damages, demands, disputes, controversies, costs, expenses, attorney fees, and losses whatsoever, whether in law or equity, known or unknown, fixed or contingent, foreseen or

---

[3] For the purposes of Paragraph 9 of this Order, "Litigation" shall include the SEC Action, Semasko, et al. v. Thompson & Knight LLP and Geffen Mesher & Company, P.C., Case No. 10-cv-06335-HO, and all lawsuits not otherwise mentioned but embraced by the definition sections or recitals of the Settlement Agreement, and any other lawsuit that has been or may be filed in any jurisdiction regarding or including any claims that arise out of or relate directly or indirectly to services provided or that should have been provided by Geffen to the Sunwest Enterprise or any officer, director, manager or member of a Sunwest affiliate.

Page 9  -  **ORDER (1) APPROVING SETTLEMENT AND (2) ENTERING FINAL CLAIM BAR ORDER AND INJUNCTION**

unforeseen, matured or unmatured, accrued or not accrued, arising under state, federal or common law, however styled, that any person or entity described or identified in Paragraph 9.a of this Order now has or subsequently may have, including any unknown claims that the Receiver or the Investor Claimants do not know or suspect to exist in their favor at any time on or before the date that the release in the Settlement Agreement becomes effective and that, if known by them, might have affected their settlement with or grant of a release to Geffen. The claims barred by this paragraph include, without limitation, any claim for indemnification or contribution however denominated, including, without limitation, claims for breach of contract, negligence, professional liability, breach of fiduciary duty, misrepresentation, conspiracy, unjust enrichment, or aiding and abetting, and any claim in which a person or entity seeks to recover from Geffen (i) any amounts such person or entity is liable, or may become liable, to pay to the plaintiff(s); and/or (ii) any costs, expenses, or attorney fees from defending any claim(s). The claims that are barred by this Paragraph include, without limitation, any claim, cross-claim or third party claim that is asserted in, based upon, arises out of, or relates to the conduct, transactions, and occurrences set forth in the Litigation.

10. The Class Action is stayed pending the Final Claim Bar Order and Injunction becoming fully and finally effective or until notice to the Court from the Receiver that the Settlement Agreement has terminated or failed to become effective. In the event that the Settlement Agreement is terminated or fails to become effective, the parties to that Settlement Agreement are deemed to have preserved their litigation positions as of January 1, 2010 with respect to Geffen, including any tolling agreements, and the parties to the terminated Settlement Agreement may proceed as if no settlement had been entered.

Page 10 - ORDER (1) APPROVING SETTLEMENT AND (2) ENTERING FINAL
CLAIM BAR ORDER AND INJUNCTION

11. Nothing in this Order shall be construed to prohibit the Receiver from pursuing claims against other third parties, including any other professionals.

12. The United States District Court for the District of Oregon hereby retains exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance, validity, interpretation, administration, enforcement or enforceability of this Order or the Settlement Agreement.

13. There being no just cause for delay, this Order is, and is intended to be, a final decision of the Court, within the meaning of Rule 54(b) of the Federal Rules of Civil Procedure and is intended to be appealable upon its entry.

DATED: 17 Jan. 2012

The Honorable Michael R. Hogan
United States District Court
District of Oregon

Presented by:

_____/s/ Michael J. Esler_____
Michael J. Esler (OSB No. 610560)
Attorney for Certain Claimant-Investors

K:\barbara\Sunwest - SEC Pldgs\Order Approving Geffen Settlement etc.doc

Page 11 - ORDER (1) APPROVING SETTLEMENT AND (2) ENTERING FINAL CLAIM BAR ORDER AND INJUNCTION

### EXHIBIT A TO ORDER (1) APPROVING SETTLEMENT AND (2) ENTERING FINAL CLAIM BAR ORDER AND INJUNCTION

The following persons filed Requests for Exclusions ("Opt-Outs") from the Settlement Class:

1. Lindsay M. Steel;

2. MMA Construction Finance and Police and Fire Retirement System of the City of Detroit; and

3. NebraskaLand National Bank.